**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 92-cr-30126** |
| ) | |
| **DAVID DEAN COUSINS,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court are Defendant David Cousins's Motions to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G."). (Docs. 67; 70). The Motions are DENIED for the reasons that follow.

## I.    BACKGROUND

On July 9, 1993, Defendant pleaded guilty to a five-count indictment: Count 1 charged bank robbery; Counts 2 and 3 charged aggravated bank robbery; Count 4 charged killing during a bank robbery; and Count 5 charged use of a firearm during a crime of violence. The guideline sentencing range for Counts 1 through 4 was 324 to 405 months imprisonment with a mandatory consecutive 120-month term for Count 5. The Court later sentenced Defendant to 480 months imprisonment.

On February 12, 2024, Defendant moved to reduce his sentence based on Amendment 821 to the U.S.S.G. (hereinafter "Amendment 821") and requested the

appointment of an attorney, to which the Federal Defender was then appointed. (Doc. 67; Text Order, 2/12/2024). Now with counsel, Defendant moved again to reduce his sentence, arguing that a reduction to time-served is appropriate under Amendment 821 and 18 U.S.C. § 3582(c)(2). (Doc. 70).

## II.    MOTION FOR ORAL ARGUMENT

Defendant requests oral argument to clarify issues and address points raised in briefing. The Government opposes the request because "[t]he Court has all the information it needs and the [underlying victim's] family should not have to endure a hearing." (Doc. 71 at 19). Defendant responded that the family need not be present for argument and that argument may be helpful to clarify the legal issues or issues with the record. Defendant, however, does not specify which issues would be aided by setting oral argument. The Court has already granted Defendant leave to file both a reply and additional exhibits to supplement his motion for reduction. Therefore, the Court finds oral argument is unnecessary because the facts and legal arguments are adequately presented in the briefs and the record. *See United States v. Young*, 555 F.3d 611, 615 (7th Cir. 2009) (setting hearings are at a district court's discretion in Section 3582(c)(2) proceedings).

## III.    MOTION FOR REDUCED SENTENCE

18 U.S.C. § 3582(c)(2) provides that a court may not modify a term of imprisonment once it has been imposed except:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o),

> upon motion of the defendant or the Director of the Bureau of Prisons, or
> on its own motion, the court may reduce the term of imprisonment, after
> considering the factors set forth in section 3553(a) [18 U.S.C. § 3553(a)] to
> the extent that they are applicable, if such a reduction is consistent with
> applicable policy statements issued by the Sentencing Commission.

*Id.* § 3582(c)(2). A reduction is inconsistent with policy if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 cmt. n.1(A).

Amendment 821 enacted two retroactive adjustments to the Guidelines. The first revision concerns "status points" within U.S.S.G. § 4A1.1(d). Previously, this provision added two criminal history points under § 4A1.1(d) if a defendant committed an offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S. Sentencing Commission, *Amendment 821*, ussc.gov/guidelines/amendment/821 (Nov. 1, 2023). This provision has since been reclassified as § 4A1.1(e), stipulating a one-point increase for offenders with seven or more criminal history points under subsections (a) through (d) who were under a criminal justice sentence at the time of the offense. Offenders with six or fewer criminal history points no longer receive "status points." The second revision made to the Guidelines allows for a two-point deduction from a defendant's base offense level for certain "zero-point offenders." To qualify as a "zero-point offender," a defendant must satisfy a set of criteria outlined in U.S.S.G. § 4C1.1.

The parties agree Defendant is eligible for a sentence reduction based on status points. At the time of sentencing, Defendant had three criminal history points resulting in a criminal history category of II and a total offense level of 40. Application of Amendment 821 reduces Defendant's criminal history status points from three to one, resulting in a new criminal history category of I. As such, his guideline range for Counts 2, 3, and 4 have changed. Counts 2 and 3 now have a guideline range of 292 to 300 months, rather than the original mandatory 300 months. Count 4 now has a guideline range of 292 to 365 months, rather than the original 324 to 405 months. The guideline ranges for Counts 1 and 5 remain the same.

While Amendment 821 is retroactive, a sentence reduction isn't automatic. "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." *Dillon v. United States*, 560 U.S. 817, 821 (2010). If consistent, "a court may then grant a reduction within the amended Guidelines range if it determines that one is warranted 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Id.* (quoting 18 U.S.C. § 3582(c)(2)). District judges have broad discretion "to decide whether a sentence reduction is warranted." *Young*, 555 F.3d at 614.

Section 3553(a) factors include: the nature and circumstances of the offense; the defendant's history and characteristics; and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public, and (4) provide the defendant with effective training, care, or treatment. 18 U.S.C. § 3553(a). Application Note 1(B)(ii) to § 1B1.10 directs that "[t]he court shall consider the nature and seriousness of the danger to

any person or the community that may be posed by a reduction in the defendant's term of imprisonment[.]" U.S.S.G. § 1B1.10 app. n.1(B)(ii). Additionally, "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment[.]" *Id.* § 1B1.10 app. n.1(B)(iii).

Weighing strongly against Defendant are the nature and circumstances of his offenses. On November 22, 1992, Defendant drove a car—one he took under false pretenses—to a bank in Quincy, Illinois. He brought a shotgun that he acquired and sawed off one week earlier. When he entered the bank, he yelled for everyone to "hit the floor" and pointed the gun at the tellers. Defendant grabbed Victim—who was at the bank with his elderly, blind mother—and placed the shotgun to the back of Victim's head. He ordered Victim and another individual to go with him to the vault, where several customers and employees were hiding.

In the vault, Defendant shot Victim in the back of the head, killing him in front of his elderly, blind mother. Defendant claims the shooting was an accident, but he immediately reloaded the shotgun and placed it at the back of another person's head. Defendant stole $309,643 from the vault. At that point, nearly one hundred police officers surrounded the bank. Prolonged negotiations began between Defendant and law enforcement. During the stand-off, Defendant continuously threatened his hostages with harm if his demands were not met. Defendant surrendered after approximately six hours.

Although he acknowledges the seriousness of the offenses, Defendant urges this Court to place greater emphasis on his history and personal characteristics. Prior to the

offense, Defendant only had convictions for stealing and operating an uninsured motor vehicle.

Defendant also emphasizes that his young age played a significant role. An offender's age and mental development should be considered at sentencing. *See Miller v. Alabama*, 567 U.S. 460, 476 (2012). That's because "youth is more than a chronological fact. . . . It is a time of immaturity, irresponsibility, impetuousness, and recklessness." *Id.* (quotation and brackets omitted). The Supreme Court has highlighted that, unlike adults, youthful offenders are often impulsive, vulnerable to peer pressure, and unable to extricate themselves from negative environments. *Id.* at 471. Often, those characteristics are "transient," meaning juvenile offenders have a "heightened capacity for change." *Id.* at 479.

It is true that Defendant was relatively young when he committed the offenses at the age of 22 years old. But there is no indication that impulsivity, peer pressure, or any other attendant characteristic of youth played a role in his commission of the offenses. Defendant acted alone and prepared at least a week in advance. Although the Court does consider his relative youthfulness at the time, this factor offers relatively little value on balance.

Defendant next argues that his post-conviction conduct demonstrates rehabilitation. He has taken numerous rehabilitative and educational courses and worked in various positions throughout incarceration. He has had only six low-level, non-violent infractions with his last infraction occurring more than six years ago. The BOP has determined that he poses a minimal recidivism risk. While the Court recognizes

Defendant's rehabilitative efforts, the Court finds the § 3553(a) factors continue to weigh heavily against a reduction of Defendant's sentence.

The Section 3553(a) factors require that the sentence imposed "reflect the seriousness of the offense[s], to promote respect for the law, and to provide just punishment for the offense[s]." 18 U.S.C. § 3553(a)(2)(A). Defendant entered a bank and murdered a person in front of his elderly mother and held others hostage for hours. The victim's family will forever grieve their loss, as reflected in their letters to the Court. The need for just punishment and for the sentence to reflect the seriousness of the offenses is not outweighed by Defendant's relatively good conduct while in prison. Considering all these factors, the Court finds that Defendant's original sentence, which falls within the amended advisory guideline range, remains appropriate and necessary to reflect the egregiousness of the offenses, promote respect for the law, provide just punishment for the offenses, and afford adequate deterrence.

## IV.     CONCLUSION

For the foregoing reasons, Defendant David Cousins's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 (Doc. 70) is DENIED. Defendant's *pro se* Motion to Reduce Sentence (Doc. 67) is DENIED as MOOT.

ENTER: October 14, 2025

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE